# United States District Court
# Central District of California

MAHVASH GOLBAD et al.,

    Plaintiffs,

    v.

GHC OF CANOGA PARK dba CANYON OAKS NURSING AND REHABILITATION CENTER,

    Defendant.

Case № 2:21-CV-01967-ODW (PDx)

**ORDER GRANTING MOTION TO REMAND [12]; AND DENYING MOTION TO DISMISS [15]**

## I.    INTRODUCTION

Plaintiff Navid Golbad's mother died of the COVID-19 virus while she was a custodial resident of Defendant GHC of Canoga Park, LLC, dba Canyon Oaks Nursing and Rehabilitation Center ("Canyon Oaks"). Golbad filed this elder abuse, neglect, and wrongful death action in the Los Angeles County Superior Court; Canyon Oaks removed to this Court based on alleged federal officer and federal question jurisdiction. (Notice of Removal ("NOR"), ECF No. 1.) Golbad now moves to remand. (Mot. to Remand ("Motion" or "Mot."), ECF No. 12.) The Motion is fully briefed and the Court heard oral argument on May 3, 2021. (*See* Opp'n, ECF No. 18; Reply, ECF No. 21.) For the reasons discussed below, the Court **GRANTS** Golbad's Motion.

## II. BACKGROUND

Canyon Oaks is a skilled nursing facility where Golbad's mother, Mahvash Golbad ("Decedent"), resided from February 2019 until her death in August 2020. (NOR Ex. A ("Compl.") ¶¶ 2, 18, 42, ECF No. 1-3.) Golbad alleges Canyon Oaks systematically withheld care and chronically failed to maintain sufficient staffing levels in order to maximize profits and increase revenue. (*Id.* ¶¶ 14–16.) He contends Canyon Oaks's failures and inaction caused Decedent's death. (*Id.* ¶¶ 14–16, 42, 53.) Golbad and his brother, Nima Golbad, initiated this action individually and on behalf of Decedent as her successors-in-interest (collectively, "Golbad"). (*Id.* ¶ 4.) They assert three state-law causes of action against Canyon Oaks for (1) statutory elder abuse and neglect; (2) negligence; and (3) wrongful death. (*Id.* ¶¶ 10–110.)

## III. LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). There is a strong presumption against removal jurisdiction and the removing party has the burden of establishing the propriety of removal. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

## IV. DISCUSSION

Canyon Oaks removed the case to this Court pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a), and federal question jurisdiction, 28 U.S.C. § 1331. (NOR ¶ 5; Opp'n 1.) Canyon Oaks contends federal officer jurisdiction is available because Canyon Oaks is "critical infrastructure," subject to highly detailed federal regulations regarding COVID-19. (NOR ¶¶ 35–64; Opp'n 19–25.) It argues

federal question jurisdiction is available because (1) the Public Readiness and Emergency Preparedness Act ("PREP Act"), 42 U.S.C. §§ 247d-6d, 247d-6e, completely preempts Golbad's state law claims and (2) Golbad's allegations implicate a substantial federal question under the *Grable* doctrine regarding the PREP Act's applicability. (NOR ¶¶ 5–34, 65–72; Opp'n 3–18.) Golbad contends the Court must remand because neither federal officer nor federal question jurisdiction provide a basis for subject matter jurisdiction here. (*See* Mot.) Golbad is correct.

## A. Federal Officer Jurisdiction, 28 U.S.C. § 1442(a)

First, Canyon Oaks is not a "federal officer" acting under a federal official. *See* 28 U.S.C. § 1442(a); *Stirling v. Minasian*, 955 F.3d 795, 800 (9th Cir. 2020). Although the federal officer removal statute is "liberally construed" in favor of removal, *Stirling*, 955 F.3d at 800, "[a] private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase 'acting under' a federal 'official,'" *Watson v. Philip Morris Cos.*, 551 U.S. 142, 153 (2007). "And that is so even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored." *Id.* Here, removal is simply based on Canyon Oaks's compliance with federal COVID-19 directives and regulations. As such, the federal officer removal statute does not apply.

## B. Federal Question Jurisdiction, 28 U.S.C. § 1331

Next, the PREP Act provides immunity to covered persons against claims for losses due to the administration or use of a covered countermeasure in a declared public health emergency, like the COVID-19 pandemic. 42 U.S.C. § 247d-6d(a)(1); *see* Notice of Decl., 85 Fed. Reg. 15198 (Mar. 17, 2020).[1] But the PREP Act does not support removal on the basis of federal question jurisdiction, either as a matter of

---

[1] The Court takes judicial notice of the Secretary of the Department of Health and Human Services's ("HHS") December 9, 2020 Fourth Amendment to Declaration, January 8, 2021 Advisory Opinion 21-01, and January 28, 2021 Fifth Amendment to Declaration. (Def.'s Req. Judicial Notice Exs. 5 (Fourth Am.), 9 (AO 21-01) & 30 (Fifth Am.), ECF Nos. 5-5, 5-9, 5-30, 19.) These documents are "matters of public record" that are not "subject to reasonable dispute." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (citing Fed. R. Evid. 201(b)).

complete preemption or as raising a substantial federal question under the *Grable* doctrine.

Complete preemption rarely applies. *City of Oakland v. BP PLC*, 969 F.3d 895, 905–06 (9th Cir. 2020) ("The Supreme Court has identified only three statutes that meet [its] criteria."). In the Ninth Circuit, "complete preemption for purposes of federal jurisdiction under § 1331 exists when Congress: (1) intended to displace a state-law cause of action, and (2) provided a substitute cause of action." *Id.* (citing *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018)). And, simply put, the PREP Act does not satisfy the Ninth Circuit's two-part complete preemption test. *See, e.g.*, *Stone v. Long Beach Healthcare Ctr., LLC*, CV 21-326-JFW (PVCx), 2021 WL 1163572, at *5–7 (C.D. Cal. Mar. 26, 2021) (collecting cases and concluding PREP Act does not satisfy Ninth Circuit complete preemption test).

Nor is removal justified based on a "substantial, embedded question of federal law" under the *Grable* doctrine. (Opp'n 16–18.) "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)). Here, Golbad's claims do not raise "a substantial federal issue" and do not *require* an interpretation, or challenge the constitutional validity, of any federal statute. *See City of Oakland*, 969 F.3d at 906–07 (finding no federal jurisdiction under the "slim category" articulated in *Grable* where the claim "neither require[d] an interpretation of a federal statute nor challenge[d] a federal statute's constitutionality" (citation omitted)); *Stone*, 2021 WL 1163572, at *7 (finding PREP Act immunity was related to defendant's defense and "not necessarily raised" for purposes of the *Grable* doctrine). Thus, federal jurisdiction also does not lie under *Grable*.

The HHS Secretary's opinion to the contrary, that the PREP Act is a complete preemption statute and implicates a substantial federal question under *Grable*, is not

entitled to deference and lacks the power to persuade, as it is unsupported and contrary to law. *McCalebb v. AG Lynwood, LLC*, No. 2:20-CV-09746-SB (PVCx), 2021 WL 911951, at *4 n.5 (C.D. Cal. Mar. 1, 2021), *appeal filed*, No. 21-55302 (9th Cir. Mar. 31, 2021); *see, e.g.*, *Stone*, 2021 WL 1163572, at *6 (collecting cases and concluding that the "HHS Secretary's . . . interpretations of this [c]ourt's jurisdiction under the PREP Act are not entitled to deference and lack the 'power to persuade.'").

A growing number of federal district courts, in this district and beyond, have considered these jurisdictional issues and found federal jurisdiction lacking in circumstances like those presented here. *See, e.g.*, *Stone*, 2021 WL 1163572, at *3–8 (remanding for lack of jurisdiction after finding PREP Act did not completely preempt state-law claims or raise a *Grable* question, and defendant could not remove under the federal officer statute); *Smith v. Colonial Care Ctr., Inc.*, No. 2:21-cv-00494-RGK (PDx), 2021 WL 1087284, at *3–8 (C.D. Cal. Mar. 19, 2021) (same), *appeal filed*, No. 21-55377 (9th Cir. Apr. 19, 2021); *McCalebb*, 2021 WL 911951, at *2–7 (same; finding the HHS Secretary's opinion of PREP Act preemption contrary to law and lacking legal support, and therefore not entitled to deference); *Dupervil v. All. Health Operations, LCC*, No. 20-CV-4042-PKC (PK), 2021 WL 355137, at *7–16 (E.D.N.Y. Feb. 2, 2021) (same), *appeal filed*, No. 21-505 (2d Cir. Mar. 3, 2021).

Canyon Oaks cites one decision in this district to the contrary. *See Garcia v. Welltower OpCo Grp. LLC*, SACV 20-02250-JVS (KESx), 2021 WL 492581, *6–7, 9 (C.D. Cal. Feb. 10, 2021). The court in *Garcia* deferred to the HHS Secretary's opinion of PREP Act complete preemption, but did not consider the Ninth Circuit's two-part complete preemption test. *Id.* Therefore, the Court does not find the *Garcia* decision persuasive, as the HHS Secretary's opinion of PREP Act preemption is, as noted above, neither persuasive nor entitled to deference. *See Stone*, 2021 WL 1163572, at *6; *McCalebb*, 2021 WL 911951, at *4 n.5.

## V. CONCLUSION

Canyon Oaks fails to establish the Court's subject matter jurisdiction over this action. The Court therefore **GRANTS** Golbad's Motion to Remand, (ECF No. 12), and declines Canyon Oaks's request for a temporary stay, (Opp'n 2). To be clear, the Court makes no finding as to whether Golbad's claims fall within the scope of the PREP Act; that issue is for the state court to decide. In light of the Court's conclusion that it lacks subject matter jurisdiction, Canyon Oaks's pending Motion to Dismiss is **DENIED** without prejudice. (ECF No. 15.)

The Court **REMANDS** this matter to the Superior Court of California, County of Los Angeles, Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, California, 90012, Case No. 21STCV02943. All dates and deadlines are **VACATED**. The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

May 4, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**